IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTOINE LAVELLE JEFFERSON,

           Plaintiff,                                  ORDER

    v.                                           10-cv-775-slc

SHERIFF DAVE MAHONEY, LT. BAHLER,
LT. RAUCH, CORRECT CARE SOLUTION,
and MUNICIPALITY OF DANE COUNTY,

           Defendants.

---

An order entered on December 9, 2010 by this court has been returned by the United States Postal Service as "unable to forward". On December 28, 2010, the clerk's office verified with the Wisconsin Department of Corrections that prisoner Antoine Lavelle Jefferson is currently housed at Dodge Correctional Institution in Waupun, Wisconsin.

As mentioned in the December 9, 2010 order, plaintiff asks for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, he will have to make an initial partial payment of the $350 filing fee for this case. In determining whether a prisoner litigant qualifies for indigent status, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). Using plaintiff's trust fund account statement, I calculated plaintiff's initial partial payment to be $8.85 and gave him until December 29, 2010, in which to submit his payment. Since plaintiff never received the December 9, 2010 order, I will grant him an extension until January 21, 2011 to make the initial partial payment.

If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to

pay *all* of his filing fee from his release account.  The only amount plaintiff must pay at this time is the $8.85 initial partial payment.  Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.  Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

## ORDER

IT IS ORDERED that plaintiff is GRANTED an extension of time to pay the initial partial filing fee.  Plaintiff may have until January 21, 2011, to submit a check or money order made payable to the clerk of court in the amount of $8.85.  If, by January 21, 2011, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.  In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 30th day of December, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge